IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


**COREY A. MCDOWELL BEY,**

    Plaintiff,

vs.                                                            Case No. 4:11cv22-RH/CAS

**OFFICER BLAIR,**
**and NURSE B. HENNING,**

    Defendants.

_____ /


## REPORT AND RECOMMENDATION

Defendants Blair and Henning filed a motion to dismiss, doc. 46, arguing Eleventh Amendment immunity, abuse of the judicial process, and failure to exhaust administrative remedies. Plaintiff, a pro se prisoner, was provided an opportunity to submit a response in opposition. Doc. 47. In response, Plaintiff has filed a motion to strike, motion for leave to amend, and motion requesting the appointment of counsel. Doc. 48. Despite the title, Plaintiff's recent filing does address the arguments made in Defendants' motion to dismiss.

The only argument that will be addressed in this report and recommendation is the Defendants' contention that Plaintiff failed to exhaust administrative remedies as to the claims raised in this case. Plaintiff's allegation in the third amended complaint was

that on March 9, 2010, Plaintiff was attacked by two inmates and Defendant Blair observed the attack but failed to help Plaintiff.  Blair then took Plaintiff aside and asked if he wanted to fight one on one with his attacker and Plaintiff declined.  Blair then threatened Plaintiff if he spoke about the incident.  Defendant Henning, a nurse, is alleged to have failed to provide anything to help Plaintiff's pain and suffering.  Doc. 29. Defendants assert in the motion to dismiss that between March 2010 and January 2011, Plaintiff filed no grievance appeals concerning the incidents alleged in this case, although Plaintiff did file twelve other grievance appeals concerning his food diet.  Doc. 46, at 6; *see also* Ex. B (doc. 46-3).  Defendants argue that this action must be dismissed because "Plaintiff failed to grieve either set of allegations raised against Blair or Henning through the administrative grievance procedure."  *Id.*, at 13.

      Plaintiff was advised that failure to file a response may provide sufficient cause to grant the motion pursuant to N.D. Fla. Loc. R. 7.1(C)(1).  Doc. 47.  Plaintiff's response, doc. 48, argues that the grievance process is insufficient and he claims he filed a grievance against "respondent nurse" but has no way of retaining copies.  Doc. 48, at 9. In light of the demonstration that Plaintiff filed twelve other grievances and proceeded with them through all steps of the grievance process,[1] that argument is rejected. Plaintiff is well aware that he must exhaust administrative remedies, and that information is included as a warning on the civil rights complaint form.  *See* doc. 29, at 3. Plaintiff has not shown that he exhausted administrative remedies, even accepting that he filed one grievance against one of the Defendants.  Completion of the

---

      [1] A grievance appeal is the third and final step of the administrative process. Plaintiff filed twelve grievance appeals.  Doc. 46, Ex. B.

administrative process requires that Plaintiff file an informal grievance, a formal grievance, and then a grievance appeal. By Plaintiff's own admission, doc. 48, he did not so do.

When the Prison Litigation Reform Act was enacted, Congress mandated that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a), *quoted in* doc. 68, p. 2. The exhaustion requirement of § 1997e(a) is mandatory, whether the claim is brought pursuant to § 1983 or Bivens. Alexander v. Hawk, 159 F.3d 1321, 1324-26 (11th Cir. 1998). There is no discretion to waive this requirement or provide continuances of prisoner litigation in the event that a claim has not been exhausted prior to filing. Alexander, 159 F.3d at 1325; *see also* Porter v. Nussle, 534 U.S. 516, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002) (holding that "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."). The Court may not consider the adequacy or futility of administrative remedies, but only the availability of such. Higginbottom v. Carter, 223 F.3d 1259, 1261 (11th Cir. 2000), *citing* Alexander, 159 F.3d at 1323. The administrative process was available to Plaintiff and he used it to complain of other issues separate from this case.

A prisoner must also comply with the process set forth and established by the grievance procedures. *See* Miller v. Tanner, 196 F.3d 1190, 1193 (11th Cir. 1999). In other words, not only must a prisoner exhaust a claim under § 1997e(a), the "PLRA

exhaustion requirement requires proper exhaustion." Woodford v. Ngo, 548 U.S. 81, 93, 126 S.Ct. 2378, 2387 (2006) (concluding that "proper exhaustion" means complying with the specific prison grievance requirements, not judicially imposed requirements). Even if a grievance is initially denied as untimely, a prisoner must appeal the denial of the grievance.  See Harper v. Jenkin, 179 F.3d 1311 (11th Cir. 1999)(noting Georgia's inmate grievance procedures allow "the grievance coordinator to waive the time period for filing a grievance if 'good cause' is shown"); Bryant v. Rich, 530 F.3d at 1373.  Under the Department of Corrections' rules, if Plaintiff filed a grievance and received no response, Plaintiff could have proceeded to the next level of the grievance process to exhaust his remedies.  Plaintiff did not do so and, thus, he did not exhaust.

Defendants have met their burden in "proving that the plaintiff has failed to exhaust his available administrative remedies." Turner v. Burnside, 541 F.3d 1077, 1082-83 (11th Cir. 2008), relying on Jones v. Bock, 549 U.S. 199, 127 S.Ct. at 910, 921, 166 L.Ed.2d 798 (2007) ("We conclude that failure to exhaust is an affirmative defense under the PLRA, and that inmates are not required to specially plead or demonstrate exhaustion in their complaints."); Dixon v. United States, 548 U.S. 1, 8, 126 S.Ct. 2437, 2443, 165 L.Ed.2d 299 (2006) (stating that, as a "general evidentiary rule," the burdens of production and persuasion are given to the same party).

Factual disputes concerning the exhaustion of administrative remedies may be decided by the court sitting as fact-finder, "so long as the factual disputes do not decide the merits and the parties have sufficient opportunity to develop a record." Bryant, 530 F.3d at 1373-74, 1376.  Even though evidence may be presented to support or refute a contention that a prisoner has not exhausted the grievance process, exhaustion is a

"matter in abatement and not generally an adjudication on the merits," thus, it should be raised and treated as a motion to dismiss, not a summary judgment motion. *Id.*, at 1374-75.  Plaintiff had notice of his obligation to develop a record to show he exhausted available remedies, but has not provided that showing.  Defendants' motion to dismiss for failure to exhaust administrative remedies should be granted.

Plaintiff's response, doc. 48, also requests that the Court strike the motion to dismiss.  There is no basis to do so under FED. R. CIV. P. 12(f) and that request is denied.  Furthermore, in light of the finding that Plaintiff did not exhaust, there is no need to appoint counsel for Plaintiff and no need to submit an amended complaint.  Moreover, rules of this Court provide that "[w]hen leave is sought to amend a pleading pursuant to a motion," the Plaintiff must simultaneously submit a copy of the proposed amended pleading along with the motion.  Plaintiff did not submit a copy of a proposed amended complaint.  The motion to amend should, therefore, be denied.

It is respectfully **RECOMMENDED** that the motion to dismiss, doc. 46, be **GRANTED**, that Plaintiff's motion, doc. 48, be **DENIED**, and this action be **DISMISSED** for failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997(e) and for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2), and that the order adopting this report and recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Tallahassee, Florida, on May 17, 2012.

   S/    Charles A. Stampelos  
**CHARLES A. STAMPELOS**  
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.