IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

COREY A. MCDOWELL BEY,

    Plaintiff,

v.                                                                                    CASE NO.   4:11cv22-RH/CAS

OFFICER BLAIR, and
NURSE B. HENNING,

    Defendant.

_____/

## ORDER OF DISMISSAL

This prisoner civil-rights case is before the court on the magistrate judge's first and second reports and recommendations, ECF Nos. 49 and 52, and the plaintiff's filings in response, ECF Nos. 50, 51, and 53.  I have reviewed *de novo* the issues raised by the plaintiff's filings.

The plaintiff asserts he was beaten by other inmates, that the defendant correctional officer failed to intervene, and that the defendant nurse failed to provide medical care for the plaintiff's injuries.  The first report and recommendation correctly concludes that the case must be dismissed because the plaintiff failed to exhaust his administrative remedies.

The plaintiff says he failed to exhaust because the defendant officer threatened to retaliate against the plaintiff if he disclosed the beating.  But the plaintiff has tendered no evidence of this.  More importantly, the plaintiff has affirmatively alleged that after the beating he was "immediately . . . transferred to [a] different institution."  ECF No. 51 at 9 ¶ 15.  The plaintiff has provided no explanation of why he could not exhaust his administrative remedies from the new institution.  Even more clearly, the plaintiff has tendered no evidence supporting any such claim.

IT IS ORDERED:

The first and second reports and recommendations are ACCEPTED and adopted as the court's further opinion.  The clerk must enter judgment stating, "The complaint is dismissed under 28 U.S.C. § 1915(e)(2)(B) for failure to exhaust administrative remedies."  The clerk must close the file.

SO ORDERED on July 12, 2012.

s/Robert L. Hinkle
United States District Judge